EDWIN R. HUGHES, Judge Pro Tern.
In this case Gloriadine B. Gladstone seeks nullification of a judgment rendered by the Civil District Court in Orleans Parish, Louisiana. Plaintiff was a ten year veteran salesperson employed by American Automobile Association when discharged from her employment on December 12, 1979. Thereafter she applied for unemployment benefits from the Office of Employment Security of the Louisiana Department of Labor which initially found her qualified to receive benefits. After being notified of the initial determination favorable to plaintiff, the defendant appealed administratively. After a contradictory hearing participated in by both litigants, the initial determination favorable to plaintiff was reversed. Plaintiff then appealed administratively and on final administrative review, the determination that plaintiff was not entitled to benefits was affirmed. Plaintiff then sought judicial review from the Civil District Court in Orleans Parish. On June 30, 1980, the action of the Office of Employment Security denying benefits was affirmed and notice of judgment was given pursuant to the provisions of Art. 1913 of the Louisiana Code of Civil Procedure. No appeal was taken, but on August 13, 1980 plaintiff filed a motion to annul the June 30, 1980 judgment. Thereafter, plaintiff filed a petition to annul the June 30, 1980 judgment of the District Court and to this pleading defendant responded with an exception of no cause of action and a motion for summary judgment. The exception was overruled and the motion for summary judgment was denied. Defendant then applied to us for writs of certiorari and review which we denied. Defendant then sought the same relief from the Supreme Court of Louisiana which remanded the case to us to consider the questions of law raised by defendant. 396 So.2d 1347. We consider this as requiring that we review the exception of no cause of action and the action for summary judgment, and that we ascertain if they should have been overruled. We conclude that the exception of no cause of *256 action was correctly overruled, and we are of the opinion, that the motion for summary judgment should not have been granted.
An appreciation of the facts of the case is essential. We hasten to add, however, on judicial review the District Court could not reconsider factual determinations of the administrative agency. LSA R.S. 23:1634 limited the District Court’s review to questions of law only. We believe that we are limited in the same way and by the same statute and also by virtue of the order directing us to consider the questions of law presented with this case in its present posture. With this limitation in mind, we will endeavor to explain the facts as we perceive them which are pertinent to the issues under consideration.
In 1979 members of the American Automobile Association were charged $26.50 annually for membership. Persons desiring new memberships were charged the regular annual fee plus a $9.50 enrollment fee. Enrolled members could give nonenrolled persons a gift membership at Christmas for a cost of only $26.50 because the $9.50 enrollment fee was waived. Obviously, it was easier for sales representatives to sell memberships costing only $26.50 than it was to sell memberships for $36.00 for the first year and apparently in some locales, some sales representatives sold some memberships under the guise of gift memberships. In November of 1978, A.A.A. issued a directive to the sales personnel in plaintiff’s office prohibiting the practice. In November of 1979 sales personnel were reminded that only bona fide gifts were eligible for waiver of the initial enrollment fee. This reminder was given at a sales meeting which plaintiff was supposed to attend but did not. Her absence was excused because her daughter was hospitalized and the child needed her mother’s presence. In December, plaintiff was determined to be turning in ordinary sales as gift memberships. Her employment was terminated. She then applied for unemployment compensation which was awarded. A.A.A. appealed and a contradictory hearing followed.
The personnel manager for A.A.A. appeared at the hearing for defendant and testified that plaintiff had been a regularly employed salesperson and that she was discharged on December 12, 1979 because she was selling ordinary memberships as gift memberships and also because she misrepresented the services that were available with membership. Specifically, he said that plaintiff told a prospect that commercial vehicles could be covered when in fact commercial vehicles were not eligible for service coverage. He also mentioned some other problems that apparently did not directly lead to the discharge. He acknowledged that the employer was aware that other employees engaged in the prohibited sales practice. He said:
... I will stipulate that in past years memberships, in some cases in the past years, I don’t have any numbers, or figures, or facts, were sold this way. This has happened before. I cannot say for certain if anyone was fired for it, disciplined, or whatever, but this year we made an extra special effort to make sure that this would not happen. That’s why this was written up in ‘78, because we were losing money on this. We are falsifying — the reps are falsifying the memberships. And to my way of thinking, the main issue is not what any other sales representative did. The fact is that this sales representative — the claimant — violated a company policy. In fact, deprived the company of what, $36 in dues, and misrepresented the membership. And I think that’s the main issue here. And I think it’s misconduct.
The plaintiff appeared at the same contradictory hearing and testified. She acknowledged that she had sold ordinary memberships as gift memberships but she denied doing any wrong. She said she had sold memberships in this fashion for years and that others did also. She said that she understood the practice was widespread and tacitly approved. She said that her immediate supervisor failed to tell her that the sales representatives had been reminded of the 1978 prohibitory policy notification at the November 1979 sales meeting which she *257 justifiably failed to attend. She asserted that her discharge was unwarranted discrimination of her race and sex and the result of a personality clash between herself and a white female cashier and between herself and the sales manager.
The Appeals Referee made these findings in his written opinion:
The facts and evidence presented at the hearing show that the proximate case (sic) of the claimant’s discharge was a violation of a company policy regarding the sale of Christmas gift memberships. (Although the employer alleges that the claimant misrepresented membership benefits when selling a membership, there is insufficient evidence to substantiate this allegation. Moreover, this alleged incident was not the proximate cause of discharge.) The claimant sold gift memberships to individuals, putting the new member’s name as the recipient and her daughter’s name as the donor, whereas the recipient was actually purchasing the membership directly. The employing unit thus lost revenue in each case of $90.00. (sic) The claimant’s actions, although common in the past, were in contradiction to a directive issued in November 1978. Her actions were also in contradiction to instructions given at a sales meeting on November 15, 1979; although the claimant did not attend the meeting for a good personal reason, she neglected her obligation to learn the transactions of that meeting. It is concluded that the claimant’s discharge from employment was due to aggravated misconduct connected with her employment.
The ruling of the Appeals Referee and the record on which he based his conclusions was reviewed again by the agency administratively and affirmed. Plaintiff then sought judicial review and again the decision of the Appeals Referee was affirmed by the appropriate District Court in the judgment which plaintiff now seeks to have annulled.
Plaintiff initially used a summary procedure to seek annulment of the District Court’s judgment. By exception, the defendant protested the use of summary procedure. The trial court then entered a judgment correctly sustaining the exception which protested the use of summary procedure. Plaintiff then filed a petition to annul the judgment which had been entered on June 30, 1980 which affirmed the two administrative appeals. The judgment complained of was not appealed from and it is of course now final. It is within the framework of this factual background that we must consider the sufficiency of the petition for annulment of the trial court’s judgment and the defendant’s motion for summary judgment.
The petition, filed on September 29, 1980, alleged the facts of plaintiff’s employment, termination, application for unemployment benefits, the appeals within the Office of Employment Security and the application for judicial review and the result obtained on June 30, 1980 in the Civil District Court of Orleans Parish. These allegations were followed by the following allegations:
VII
Petitioner avers that the initial judgment of the Appeals Referree, (sic) as affirmed by the Board of Review and the District Judge, was obtained by fraud, illpractices and misrepresentation on the part of the American Automobile Association in the following respects:
a) Petitioner was terminated because of a violation of a directive in force in 1978 and 1979, with regard to the sale of Christmas memberships;
b) That the directive was issued in 1978, but in fact, the directive was openly violated with the knowledge and tacit approval of supervisory personnel, including Mr. Jack Hymann, District Manager of American Automobile Association;
c) That in 1979 the directive was again brought up, at which time Mr. Alfredo Cortez was the District Manager;
d) That notwithstanding the reissuance of the directive, it was again openly violated by many of the employees, *258 none of whom were terminated with the exception of Gloriadme B. Gladstone;
e) That in 1979, the supervisory personnel were aware of the method that the Christmas memberships were sold, that in fact, the memberships were sold in violation of the directive and no action was taken against any other sales personnel;
f) That as a matter of fact, the District Manager at the time of the termination of Mrs. Gladstone, Mr. Alfredo Cortez, was attempting to find reason to terminate Mrs. Gladstone, and so advised other personnel;
g) That for a period of years, the method in which petitioner was selling Christmas memberships was, in fact, an established and accepted method, and she was not advised that she was doing anything improper until after she sold the memberships and after American Automobile Association accepted the memberships;
h) That these facts were intentionally not brought to the attention of the Appeals Referee;
i) Further petitioner avers that it was not until after the Appeals Referee had rendered a decision that she discovered the evidence necessary to bring this petition.
Based upon the foregoing allegations, the plaintiff asked the trial court to annul its own judgment of June 30, 1980 and to annul the decision of the Board of Review which rendered the final administrative decision adverse to plaintiff and to remand the case back to the Appeals Referee who rendered the first administrative appeal decision for the taking of additional evidence.
When it considered the exception of no cause of action, the trial court was required and permitted to consider only the petition itself and it was required to assume that the allegations of fact were correct. The court could ignore mere conclusions of the pleader not supported by allegations of fact. Viewed liberally and most favorably to the pleader, the petition may be viewed as contending that information was withheld from Appeals Referee which might have altered his conclusions and, on review, the altered conclusions of the Administrative Board of Review. Viewed in this fashion, the pleading can be regarded as stating a cause of action. We therefore conclude that the trial court’s decision concerning the exception of no cause of action was correct.
When it considered the alternative motion for summary judgment, the trial court properly had more data to consider. Defendant’s motion contended that “the pleadings and the quasi-judicial record of the Louisiana Department of Labor, Office of Employment Security, of record in this proceeding, show that there is no genuine issue as to material fact, and that defendant is entitled to judgment as a matter of law.” All of the mentioned documents were properly reviewable by the trial court in consideration of the motion. Additionally, plaintiff filed an affidavit from a lady who asserted that she was plaintiff’s former immediate supervisor. We consider it as an item that also could properly be considered in adjudication of the motion for summary judgment. We have considered all of these documents.
The only item we have not discussed previously is the affidavit. Lisa Gourgues stated under oath to plaintiff’s counsel that these facts were true:
1) That she was employed by American Automobile Association from August, 1978 through July, 1980;
2) That she is familiar with the method in which Christmas Gift memberships were sold, and the directives pertaining thereto in 1978 and 1979;
3) That she is also familiar with the grounds upon which Gloriadme B. Gladstone was terminated from American Automobile Association;
4) That in 1978, a directive, pertaining to the proper issuance of Christmas Gift memberships, was issued, but in fact, the directive was openly violated with the knowledge and tacit approval of supervisory personnel, in- *259 eluding Mr. Jack Hyman, District Manager;
5) That in 1979, the directive was again brought up at a company meeting, at which Mrs. Gladstone was not present due to illness in her family;
6) That notwithstanding the reissuance of the directive, again the directive was openly violated by many of the employees, none of whom were terminated, with the exception of Gloriad-me B. Gladstone;
7) That in 1979 I was supervisor over Gloriadme B. Gladstone and was aware of the method by which she was selling Christmas memberships, and in fact, others were selling them in a similar fashion, which violated the directive;
8) That I was informed by other supervisory personnel at American Automobile Association that other management personnel, and more particularly, Mr. Alfredo Cortez, was attempting to find reason to terminate Mrs. Gladstone;
9) That American Automobile Association accepted the memberships which Mrs. Gladstone produced and then terminated her employment;
10) Prior to Mrs. Gladstone’s termination, Mr. Alfredo Cortez, the District Manager in 1979, told me that when Mrs. Gladstone was among the top producers in sales, he was willing to overlook the rules, but once she slowed down in the production of sales, he indicated that he was not going to overlook the rules, but instead, was going to strictly enforce them;
11) That prior to his becoming District Manager, Mr. Cortez in fact, wrote “bogus” Christmas memberships in the same or similar fashion as Glo-riadme B. Gladstone.
To resolve the issue before us concerning the motion for Summary judgment we compared the employer and employee’s pleadings, affidavits and all testimony before the administrative agency, including a statement made by plaintiff after its final administrative review, with plaintiff’s petition dated September 29, 1980 and the affidavit given by Lisa Gourgues. The most pertinent portions of the petition were sections “h” and “i” of paragraph 7. These two paragraphs, supported by the affidavit of Ms. Gourgues, were not opposed or contradicted by any affidavit filed in support of the motion for summary judgment. The record of proceedings before the appeals referee reflects that the issues raised by paragraph 7, “h” and “i” were not considered. We therefore conclude that the trial courts’ decision concerning the defendant’s motion for summary judgment was correct. Accordingly, we remand this case to Division “G” of the Civil District Court for the Parish of Orleans with instructions to conduct further hearings to determine whether or-not the plaintiff is entitled to relief under the provisions of Article 2004 of the La.Code of Civil Procedure.
AFFIRMED/REMANDED.